**ANDERSEN BEEDE WEISENMILLER**
Ryan A. Andersen, Esq.
California Bar No. 275593
Email: *ryan@abwfirm.com*
12526 High Bluff Dr, Ste 300
San Diego, CA 92130-2067
Phone: 702-522-1992
Fax: 702-825-2824
*Counsel for Ryan A. Andersen, Trustee*

ANDERSEN BEEDE WEISENMILLER ABW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,<br>Debtor. | Case No. |
| RYAN A. ANDERSEN, as Trustee of the Bankruptcy Estate of YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WEI LI, an individual; LONGSHENG LEI, an individual; HAOJIE YAN, an individual; U.S.A. FIRST CONSTRUCTION AND DECORATION, INC., a California Corporation; DOE DEFENDANTS I through X; and ROE CORPORATIONS XI through XX,<br><br>Defendants. | **REGISTRATION OF FOREIGN WRIT OF ATTACHMENT** |

Plaintiff, Ryan A. Andersen, Chapter 7 trustee in the above-captioned bankruptcy case ("**Plaintiff**" or "**Trustee**"), through his counsel, Andersen Beede Weisenmiller, hereby files this *Registration of Foreign Writ of Attachment* pursuant to 28 U.S.C. § 1963.

1. Trustee is the Plaintiff in this matter.

2. Defendant Wei Li ("**Defendant**" or "**Li**") is the Defendant in this matter.

3. On July 20, 2023, the *Writ of Attachment* [ECF No. 193] was docketed by the United States Bankruptcy Court District of Nevada ("**Bankruptcy Court**"), in Adversary Case No. 22-02068-ABL ("**Adversary Case**").

4. On July 2, 2024, an *Order Granting Ex Parte Motion for Authorization to Register Writ of Attachment* was entered by the Bankruptcy Court in the Adversary Case, certifying that good cause exists under 28 U.S.C. § 1963 to register the Writ of Attachment in the Central District of California.

5. A certified copy of the Writ of Attachment is attached hereto as **Exhibit 1.**

6. A certified copy of the *Order Granting Ex Parte Motion for Authorization to Register Writ of Attachment* is attached hereto as **Exhibit 2.**

7. As of the date of this Registration of Foreign Writ of Attachment, the Writ of Attachment is valid and enforceable and has not been satisfied.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED this 10th day of July, 2024.

**ANDERSEN BEEDE WEISENMILLER**

By: /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
California Bar No. 275593
Email: *ryan@abwfirm.com*
12526 High Bluff Dr, Ste 300
San Diego, CA 92130-2067
Phone:702-522-1992
Fax: 702-825-2824
*Counsel for Ryan A. Andersen, Trustee*

ABW ANDERSEN BEEDE WEISENMILLER

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
July 20, 2023

I CERTIFY THAT THIS IS A TRUE COPY:
DATED: August 11, 2023
ATTEST: Digitally signed by Cecelia Castellan Date: 2023.08.11 16:24:18 -07'00'
Case Administrator




ANDERSEN & BEEDE

**ANDERSEN & BEEDE**
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
Email: *valerie@aandblaw.com*
Michael N. Beede, Esq.
Nevada Bar No. 13068
Email: *mike@aandblaw.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824
*Counsel for Ryan A Andersen, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,

Debtor.

Case No. 21-11510-ABL
Chapter 7

RYAN A. ANDERSEN, as Trustee of the Bankruptcy Estate of YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,

Plaintiff,

v.

WEI LI, an individual; LONGSHENG LEI, an individual; HAOJIE YAN, an individual; U.S.A. FIRST CONSTRUCTION AND DECORATION, INC., a California Corporation; DOE DEFENDANTS I through X; and ROE CORPORATIONS XI through XX,

Defendants.

Adversary No. 22-01068-ABL

**WRIT OF ATTACHMENT**

THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEVADA TO THE MARSHALLS, GREETINGS:

YOU ARE HEREBY COMMANDED to attach and safely keep the property of the Defendant Wei Li in order to satisfy Trustee's demand of $5,409,134.00.

The property to be attached, which is not exempt from execution and the value of which does not exceed Trustee's demand, is described as follows:

- "Property" means that certain real property consisting of 7,338 sq. ft lot, with an address of 121 Interstellar, Irvine, CA 92618, and bearing Orange County Assessor's Parcel Number 59-147-105, together with all structures and improvements and fixtures thereon, including a single family residence. The Property is more particularly described as:
    - Lot 82 of tract 18030 as per map recorded in book 966 pages 43 through 50 inclusive of miscellaneous maps in the office of the county recorder of said county.

If Defendant shall give you security in the lawful money of the United States or by posting a bond or by the undertaking of at least two sufficient sureties in an amount equal to the lesser of Trustee's demand, exclusive of costs, or the value of the property levied upon, then you shall accept such bond or undertaking in lieu of attaching the aforesaid property. You are required to serve and return the Writ with the results of your levy endorsed thereon, and within 20 days from the date you received it, return it to the Clerk of the Court with a copy to the party at whose direction it was issued.

Dated this _______ day of July, 2023. BANKRUPTCY JUDGE

_______________________________ _______________________________

Judge Date

By:_______________________________



A & B ANDERSEN & BEEDE




Submitted By:

__________________________________

I HEREBY CERTIFY that this is a true and correct copy of the original Writ of Attachment.

By: ____________________________
Marshall Date

I HEREBY CERTIFY that I have this date served this Writ of Attachment on the ______ day of July, 2023 by:

☐ (a) taking into my possession the following described property to held in my custody until further order of this court:

- "Property" means that certain real property consisting of 7,338 sq. ft lot, with an address of 121 Interstellar, Irvine, CA 92618, and bearing Orange County Assessor's Parcel Number 59-147-105, together with all structures and improvements and fixtures thereon, including a single-family residence, more particularly described as lot 82 of tract 18030 as per map recorded in book 966 pages 43 through 50 inclusive of miscellaneous maps in the office of the county recorder of said county.

☐ (b) posting a copy of this Writ of Attachment upon the real property set forth herein by affixing a copy of this Writ to the improvement thereon and by delivering a copy of this Writ on the ______ day of July, 2023 to the County Recorder to be recorded.

☐ (c) serving on the ______ day of __________, 2023 at _______.M. o'clock a Writ of Garnishment in aid of this Writ of Attachment on _____ at _____, Clark County, Nevada. A true and correct copy of said Writ of Garnishment is attached hereto.

☐ (d) returning this Writ of Attachment unsatisfied

By: ____________________________
Marshall Date

NOTICE OF EXECUTION

YOUR PROPERTY IS BEING ATTACHED OR
YOUR WAGES ARE BEING GARNISHED

Plaintiff Ryan A. Andersen, in his official capacity as Chapter 7 trustee ("Plaintiff") of the bankruptcy estate of Yong Kang Las Vegas Assisted Living Center, LLC alleges that you made fraudulently transferred money and such transfers are avoidable. To secure satisfaction of judgment, the court has ordered the attachment of your property located at 121 Interstellar, Irvine, CA 92618.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

1. Payments received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.

2. Payments for benefits or the return of contributions under the Public Employees' Retirement System.

3. Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.

4. Proceeds from a policy of life insurance.

5. Payments of benefits under a program of industrial insurance.

6. Payments received as disability, illness or unemployment benefits.

7. Payments received as unemployment compensation.

8. Veteran's benefits.

9. A homestead in a dwelling or a mobile home, not to exceed $550,000, unless:

(a) The judgment is for a medical bill, in which case all of the primary dwelling, including a mobile or manufactured home, may be exempt.

(b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS 115.010 is applicable to the judgment.

10. All money reasonably deposited with a landlord by you to secure an agreement to rent or lease a dwelling that is used by you as your primary residence, except that such money is not exempt with respect to a landlord or the landlord's successor in interest who seeks to enforce the terms of the agreement to rent or lease the dwelling.

11. A vehicle, if your equity in the vehicle is less than $15,000.

12. Seventy-five percent of the take-home pay for any workweek, unless the weekly take-home pay is less than 50 times the federal minimum hourly wage, in which case the entire amount may be exempt.

13. Money, not to exceed $500,000 in present value, held in:

(a) An individual retirement arrangement which conforms with the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. §§ 408 and 408A;

(b) A written simplified employee pension plan which conforms with the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408;

(c) A cash or deferred arrangement that is a qualified plan pursuant to the Internal Revenue Code;

(d) A trust forming part of a stock bonus, pension or profit-sharing plan that is a qualified plan pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. §§ 401 et seq.; and

(e) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal



A&B ANDERSEN & BEEDE

Revenue Code, 26 U.S.C. § 529, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

14. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

15. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

16. Regardless of whether a trust contains a spendthrift provision:

(a) A present or future interest in the income or principal of a trust that is a contingent interest, if the interest has not been satisfied or removed;

(b) A present or future interest in the income or principal of a trust for which discretionary power is held by a trustee to determine whether to make a distribution from the trust, if the interest has not been distributed from the trust;

(c) The power to direct dispositions of property in the trust, other than such a power held by a trustee to distribute property to a beneficiary of the trust;

(d) Certain powers held by a trust protector or certain other persons; and

(e) Any power held by the person who created the trust.

17. If a trust contains a spendthrift provision:

(a) A present or future interest in the income or principal of a trust that is a mandatory interest in which the trustee does not have discretion concerning whether to make the distribution from the trust, if the interest has not been distributed from the trust; and

(b) A present or future interest in the income or principal of a trust that is a support interest in which the standard for distribution may be interpreted by the trustee or a court, if the interest has not been distributed from the trust.

18. A vehicle for use by you or your dependent which is specially equipped or modified to provide mobility for a person with a permanent disability.

19. A prosthesis or any equipment prescribed by a physician or dentist for you or your dependent.

20. Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

21. Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

22. Payments received as compensation for the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

23. Payments received as restitution for a criminal act.

24. Personal property, not to exceed $1,000 in total value, if the property is not otherwise exempt from execution.

25. A tax refund received from the earned income credit provided by federal law or a similar state law.

26. Stock of a corporation described in subsection 2 of NRS 78.746 except as set forth in that section.



A&B ANDERSEN & BEEDE

These exemptions may not apply in certain cases such as proceedings to enforce a judgment for support of a child or a judgment of foreclosure on a mechanic's lien. You should consult an attorney immediately to assist you in determining whether your property or money is exempt from execution. If you cannot afford an attorney, you may be eligible for assistance through ___________________________ (name of organization in county providing legal services to the indigent or elderly persons). If you do not wish to consult an attorney or receive legal services from an organization that provides assistance to persons who qualify, you may obtain the form to be used to claim an exemption from the clerk of the court.

PROCEDURE FOR CLAIMING EXEMPT PROPERTY

If you believe that the money or property taken from you is exempt or necessary for the support of you or your family, you must file with the clerk of the court on a form provided by the clerk an executed claim of exemption. A copy of the claim of exemption must be served upon the marshall, the garnishee and the judgment creditor within 10 days after the notice of execution or garnishment is served on you by mail pursuant to NRS 21.076 which identifies the specific property that is being levied on. The property must be released by the garnishee or the marshall within 9 judicial days after you serve the claim of exemption upon the marshall, garnishee and judgment creditor, unless the marshall or garnishee receives a copy of an objection to the claim of exemption and a notice for a hearing to determine the issue of exemption. If this happens, a hearing will be held to determine whether the property or money is exempt. The objection to the claim of exemption and notice for the hearing to determine the issue of exemption must be filed within 8 judicial days after the claim of exemption is served on the judgment creditor by mail or in person and served on the judgment debtor, the marshall and any garnishee not less than 5 judicial days before the date set for the hearing. The hearing must be held within 7 judicial days after the objection to the claim of exemption and notice for a hearing is filed. You may be able to have your property released more quickly if you mail to the judgment creditor or the attorney of the judgment creditor written proof that the property is exempt. Such proof may include, without limitation, a letter from the government, an annual statement from a pension fund, receipts for payment, copies of checks, records from financial institutions or any other document which demonstrates that the money in your account is exempt.

IF YOU DO NOT FILE THE EXECUTED CLAIM OF EXEMPTION WITHIN THE TIME SPECIFIED, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE JUDGMENT CREDITOR, EVEN IF THE PROPERTY OR MONEY IS EXEMPT.

If you received this notice with a notice of a hearing for attachment and you believe that the money or property which would be taken from you by a writ of attachment is exempt or necessary for the support of you or your family, you are entitled to describe to the court at the hearing why you believe your property is exempt. You may also file a motion with the court for a discharge of the writ of attachment. You may make that motion any time before trial. A hearing will be held on that motion.

IF YOU DO NOT FILE THE MOTION BEFORE THE TRIAL, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE PLAINTIFF, EVEN IF THE PROPERTY OR MONEY IS EXEMPT OR NECESSARY FOR THE SUPPORT OF YOU OR YOUR FAMILY.

(Added to NRS by 1989, 1139; A 1991, 814, 1415; 1993, 2631; 1995, 230; 1997, 269, 3416; 2003, 1014, 1816; 2005, 387, 1017, 2233; 2007, 2713, 3021; 2009, 811; 2011, 1413, 1901)



A & B ANDERSEN & BEEDE

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
July 02, 2024

I CERTIFY THAT THIS IS A TRUE COPY:
DATED: July 2, 2024
ATTEST: Digitally signed by Cecelia Castellan Date: 2024.07.02 13:10:42 -07'00'

**ANDERSEN BEEDE WEISENMILLER**
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
Email: mark@aandblaw.com
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824
*Counsel for Ryan A. Andersen, Trustee*

ABW ANDERSEN BEEDE WEISENMILLER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,<br>Debtor. | Case No. 21-11510-ABL<br><br>Chapter 7 |
| RYAN A. ANDERSEN, as Trustee of the Bankruptcy Estate of YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WEI LI, an individual; LONGSHENG LEI, an individual; HAOJIE YAN, an individual; U.S.A. FIRST CONSTRUCTION AND DECORATION, INC., a California Corporation; DOE DEFENDANTS I through X; and ROE CORPORATIONS XI through XX, | Adversary No. 22-01068-ABL<br><br>Hearing Date: N/A |

ABW ANDERSEN BEEDE WEISENMILLER

| Defendants. | Hearing Time: N/A |
|---|---|

**ORDER GRANTING EX PARTE MOTION FOR AUTHORIZATION TO REGISTER WRIT OF ATTACHMENT**

The *Ex Parte Motion for Authorization to Register Writ of Attachment* ("**Motion**")[1] was filed by plaintiff Ryan A. Andersen, Chapter 7 trustee in the above-captioned bankruptcy case ("**Plaintiff**" or "**Trustee**"), on June 19, 2024. In the Motion, Plaintiff requested entry of an order, pursuant to 28 U.S.C. § 1963 for good cause shown, authorizing the Plaintiff's registration of the *Writ of Attachment* [ECF No. 193] in the Central District of California for the purpose of recording the Writ of Attachment on the real property records of the property generally located at 121 Interstellar, Irvine, CA 92618, and bearing Orange County Assessor's Parcel Number 59-147-105 ("**Property**") with the Orange County Clerk-Recorder's Office as provided for in the Writ of Attachment.

The Court having read and considered the Motion, the Trustee Declaration, and all documents and exhibits submitted therewith; having determined that no notice or service of or hearing on the Motion is required under the Bankruptcy Code and Bankruptcy Rules; and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** as follows:

1. The Motion is granted in its entirety.

2. The Court certifies that good cause exists under 28 U.S.C. § 1963 to register the *Writ of Attachment* [ECF No. 193] in the Central District of California.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED BY:

**ANDERSEN BEEDE WEISENMILLER**

*/s/ Mark M. Weisenmiller*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
*Counsel for Ryan A. Andersen, Trustee*

[1] All capitalized undefined terms used herein shall be ascribed the definitions in the Motion.